IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LARRY COCHRAN,** | * |
| Plaintiff, | * |
| v. | *    Civ. No. DLB-22-305 |
| **WARDEN,** *FCI Cumberland*, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Larry Cochran, who is proceeding without counsel, filed a document titled "Request for Declaratory Judgment" when he was incarcerated in the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"). ECF 1. The Court construed his filing as a civil rights complaint pursuant to 42 U.S.C. § 1983. Cochran, who is blind, physically disabled, and wheelchair-bound, alleged that he was housed in a "too-small" cell with a cellmate who abused him, conditions that he believed were unconstitutional. ECF 1, at 1, 4–5. He asked the Court to direct the Bureau of Prisons to provide him with a single cell and "to declare the rights, and violations thereof, of Cochran." *Id*. at 7–9. He did not request money damages. Before the Warden of FCI Cumberland responded to the complaint, Cochran notified the Court that he had been placed on supervised release, that he would like time to retain counsel, and that he sought to supplement his complaint and amend his request for relief to include money damages. ECF 8–13. The Court granted Cochran until January 6, 2023 to file an amended complaint. ECF 15. Cochran filed motions to compel discovery and for judgment on the pleadings, ECF 17 & 20, but he did not file an amended complaint.

The defendant then filed a motion to dismiss the complaint or, alternatively, for summary judgment. ECF 22. Cochran was advised of his right to oppose the defendant's motion, but he

did not do so. ECF 23. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). The defendant argued, *inter alia*, that Cochran's claims are moot because he was released from prison. On this ground, the defendant's motion, treated as a motion to dismiss, is granted; and Cochran's motions to compel discovery and for judgment on the pleadings are denied as moot. The defendant's second motion for extension of time, ECF 16, is granted *nunc pro tunc*, and the defendant's dispositive motion is accepted as filed.

## I.     Standard of Review

The defendant moves to dismiss the complaint for failure to state a claim or alternatively for summary judgment. The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider judicially noticed facts. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015); Fed. R. Evid. 201(b)(2). The Court considers the allegations in the complaint and the plaintiff's notice of change of address, ECF 9.

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)). But the claim does not need to be probable, and

the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)). The Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). The Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

II.   **Discussion**

The defendant argues that Cochran's claims became moot when he was released from FCI Cumberland on July 13, 2022. ECF 22-1, at 6. Cochran does not contest he was released, and in

fact, he filed a notice of change of address on August 8, 2022 and provided a new address in Illinois.  ECF 9.

A claim is moot "[w]hen a . . . controversy ceases to exist—either due to a change in the facts or the law."  *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017).  Mootness means the plaintiff no longer has the legally recognized "personal interest" required for standing, and as a result, the Court no longer has subject matter jurisdiction.  *Id.* (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)); *see Powell v. McCormack*, 395 U.S. 486, 496 (1969); *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015).

A prison transfer moots an inmate's claims when the inmate is transferred "from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition."  *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007); *see id.* at 287 (noting that, under those circumstances, an inmate who seeks injunctive or declaratory relief "no longer has a legally cognizable interest in a judicial decision on the merits of his claim" because the inmate "is free of the policy or practice that provoked his lawsuit in the first place" and "[a]ny declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted"); *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there"); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that transfer rendered moot a prisoner's claims for injunctive and declaratory relief, but not claims for damages).

Here, Cochran challenges the conditions of his confinement at FCI Cumberland, and he seeks only declaratory and injunctive relief as to those conditions. He does not seek money damages. It is undisputed that Cochran is no longer at FCI Cumberland and that he was released from BOP custody. Because Cochran requests only declaratory and injunctive relief as to conditions of confinement that he no longer is experiencing, his claims are now moot.[1]

### III.   Conclusion

The defendant's motion, ECF 22, treated as a motion to dismiss, is granted, and the complaint is dismissed. The defendant's second motion for extension of time, ECF 16, is granted *nunc pro tunc*, and Cochran's motions to compel discovery and for judgment on the pleadings, ECF 17 & 20, are denied as moot. A separate Order follows.

July 6, 2023
Date

Deborah L. Boardman
United States District Judge

---

[1] Because the claims in the complaint are moot, the Court need not address the defendant's alternative arguments for dismissal.